IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| PIERRE ARTHUR BERGER,<br><br>            Plaintiff,<br><br>    vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>            Defendant. | CV 09-94-BLG-CSO<br><br>ORDER GRANTING<br>COMMISSIONER'S SUMMARY<br>JUDGMENT MOTION,<br>DENYING PLAINTIFF'S<br>SUMMARY JUDGMENT<br>MOTION, AND AFFIRMING<br>COMMISSIONER |

Plaintiff Pierre Arthur Berger ("Berger"), appearing pro se, instituted this action to obtain judicial review of the decision of Defendant, Commissioner of Social Security ("Commissioner"), denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-433, 1381-1383(c). *Complt. (Court Doc. 1).* By Notice of Assignment filed December 2, 2009, upon the parties' consent, this case was assigned to the undersigned for all purposes. Court Doc. 18.

1

Now pending are the parties' cross-motions for summary judgment. *Court Docs. 35* (Berger's motion) and *43* (Commissioner's motion).  Also pending is Berger's recently-filed "Motion for Summary Judgment Due to Non Response by Defense." *Court Doc. 46.*  For reasons stated below, the Court will deny Berger's motions, grant the Commissioner's motion, and affirm the Commissioner's decision denying benefits.

## I.    **PROCEDURAL BACKGROUND**

Berger filed DIB and SSI applications in July of 2005. *Tr. at 60.* The Social Security Administration ("SSA") denied his applications initially and upon reconsideration.  On August 23, 2006, an Administrative Law Judge ("ALJ") held a hearing, at which Berger appeared represented by counsel.  On October 25, 2006, the ALJ issued a written decision denying Berger's claims. *Tr. at 60-68* ("10/25/2006 decision").  Berger did not further pursue these claims.

Berger filed his DIB and SSI applications that are the subject of this action on June 15, 2007, alleging that he has been unable to work since October of 2006. *Tr. at 10, 133-42.*  He alleges that he has been

unable to work due to degenerative back problems and associated pain.

*Tr. at 203.*

The SSA denied Berger's applications initially and upon reconsideration. *Tr. at 72-86.* On October 23, 2008, an ALJ held a hearing at which Berger appeared with counsel. *Tr. at 20-56.* On February 12, 2009, the ALJ issued a written decision denying Berger's claims. *Tr. at 10-19.* On May 29, 2009, after the Appeals Council denied Berger's request for review, the ALJ's decision that Berger was not disabled within the meaning of the Act became final for purposes of judicial review. *Tr. at 1-3;* 20 C.F.R. §§ 404.981, 416.1481 (2009). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

## II.   STANDARD OF REVIEW

This Court's review is limited. The Court may set aside the Commissioner's decision only where the decision is not supported by substantial evidence or where the decision is based on legal error. *Ryan v. Commr. of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008); 42 U.S.C. § 405(g). "Substantial evidence is more than a mere scintilla, but less than a preponderance." *Id.* (citing *Bayliss v. Barnhart*, 427

F.3d 1211, 1214, n.1 (9th Cir. 2005) (internal quotation marks omitted)).

"It is such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Id.* (internal quotation marks and

citation omitted).  The Court must consider the record as a whole,

weighing both the evidence that supports and detracts from the

Commissioner's conclusion, and cannot affirm the ALJ "by isolating a

specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*,

466 F.3d 880, 882 (9th Cir. 2006) (internal quotation marks and citation

omitted).  The ALJ is responsible for determining credibility, resolving

conflicts in medical testimony, and resolving ambiguities.  "Where the

evidence is susceptible to more than one rational interpretation, one of

which supports the ALJ's decision, the ALJ's conclusion must be

upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002)

(internal citation omitted).

## III.   BURDEN OF PROOF

A claimant is disabled for purposes of the Act if: (1) the claimant

has a medically determinable physical or mental impairment which can

be expected to result in death or which has lasted or can be expected to

last for a continuous period of not less than twelve months, and (2) the

impairment or impairments are of such severity that, considering the

claimant's age, education, and work experience, the claimant is not only

unable to perform previous work, but the claimant cannot "engage in

any other kind of substantial gainful work which exists in the national

economy." *Schneider v. Commr. of Soc. Sec. Admin.*, 223 F.3d 968, 974

(9th Cir. 2000) (citing 42 U.S.C. § 1382c(a)(3)(A)-(B)).

In determining whether a claimant is disabled, the Commissioner

follows a five-step sequential evaluation process. *Tackett v. Apfel*, 180

F.3d 1094, 1098 (9th Cir. 1999); 20 C.F.R. § 404.1520(a)(4)(i)-(v).

1.  The claimant must first show that he or she is not currently engaged in substantial gainful activity. *Tackett*, 180 F.3d at 1098.

2.  If not so engaged, the claimant must next show that he or she has a severe impairment. *Id.*

3.  The claimant is conclusively presumed disabled if his or her impairments meet or medically equal one contained in the Listing of Impairments described in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (hereafter "Listing of Impairments"). *Id.* If the claimant's impairments do not meet or medically equal one listed in the regulations, the analysis proceeds to the fourth step.

4.    If the claimant is still able to perform his or her past relevant work, he or she is not disabled and the analysis ends here.  *Id.*  "If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at [this step] and the evaluation proceeds to the fifth and final step."  *Id.* at 1098-99.

5.    If the claimant is unable to perform his or her past relevant work due to a "severe impairment (or because [he or she does] not have any past relevant work)" the court will determine if the claimant is able to make an adjustment to perform other work, in light of his or her residual functional capacity, age, education, and work experience.  20 C.F.R. § 404.1520(g).  If an adjustment to other work is possible then the claimant is not disabled.  *Tackett*, 180 F.3d at 1099.

The claimant bears the burden of proof at steps one through four, but at the fifth step the Commissioner bears the burden of establishing that there is other work in significant numbers in the national economy that the claimant can perform.  *Id.*  The Commissioner can meet this burden via the testimony of a vocational expert or reference to the Medical-Vocational Guidelines at 20 C.F.R. Pt. 404, Subpt. P, App. 2.  *Id.*  If the Commissioner is unable to meet this burden then the claimant is disabled and entitled to benefits.  *Id.*

## IV.   **THE ALJ's OPINION**

The ALJ followed the five-step sequential evaluation process in considering Berger's claims.  First, the ALJ found that Berger had not engaged in substantial gainful activity since his alleged onset date of October 26, 2006.  *Tr. at 12.*

Second, the ALJ found that Berger has the following severe impairments: "mild degenerative changes of the back and chronic pain[.]" *Id.*[1]

Third, the ALJ found that Berger does not have an impairment or a combination of impairments that meets or medically equals any one of the impairments in the Listing of Impairments.  *Tr. at 13.*

Fourth, the ALJ found that Berger has the residual functional capacity ("RFC") to:

> lift 20 pounds occasionally and 10 pounds frequently; stand, walk, and/or sit up to six hours each in an eight-hour day with the occasional climbing of ladders, ropes, or scaffolds, and occasional stooping.  In addition, he is limited to occasional overhead reaching, and should avoid concentrated exposure to extreme cold, vibration, or hazards such as machinery or heights.

---

[1]The ALJ also noted that Berger has non-severe hypertension and hyperlipidemia.  *Tr. at 12-13.*

7

*Tr. at 13.*

In assessing Berger's RFC, the ALJ also determined that Berger "has not adequately rebutted the presumption of continuing non-disability" from the 10/25/2006 decision. The ALJ then concluded that "the [RFC] set forth in the [10/25/2006] decision should be adopted in this case." *Tr. at 15.*

The ALJ also found that Berger is unable to perform any of his past relevant work as either a building maintenance worker or as a welder/fabricator. *Tr. at 17.* He found that the building maintenance worker job required Berger to perform work that was medium in exertional demand and that the welder/fabricator job was heavy in exertional demand. Because he found that Berger is limited to no more than light exertional level work, Berger is precluded from performing his past relevant work. *Id.*

Fifth, the ALJ found that Berger could perform jobs that exist in significant numbers in the national economy in light of his age (46 years old at the time of his alleged onset date, which is defined as a younger individual), education (at least high school), transferable

acquired work skills from past relevant work, and RFC. *Tr. at 18*.

Consequently, the ALJ found that Berger was not disabled. *Tr. at 19*.

## V.   PARTIES' ARGUMENTS

Berger argues in his first summary judgment motion that: (1) the

ALJ in the first ALJ decision[2] "improperly denied benefits" to him,

*Berger's Opening Br. (Court Doc. 35) at 1*; (2) "he has met the rules for

disability as laid out by Social Security itself, but the [ALJ] in the first

hearing felt it was his responsibility to go outside of those rules for

whatever personal reason he had and kept to himself[,]" *id*.; (3) his own

doctor "at the time stated in his letter very clearly that he felt his

patient, the plaintiff, was unable to work in any occupation and he had

also signed a document that stated that this trouble would continue to

go on indefinitely[,]" *id. at 2*; (4) the ALJ "was biased against him[,]"

*id*.; (5) the ALJ relied on the opinion of a doctor other than Berger's

own treating physician, *id*.; and (6) the vocational expert who testified

at the hearing stated that Berger "was unable to pursue any

employment period due to his physical limitations[,]" *id. at 2*.

_____

[2]It is clear from the context of this case that when he refers to "the first ALJ," Berger means the 10/25/2006 decision.

9

In response, the Commissioner argues that: (1) the ALJ's decision is supported by substantial evidence, *Deft's Br. (Court Doc. 44) at 2-7*; (2) the ALJ properly rejected Berger's treating physician's statement on a form regarding Berger's limitations, *id. at 8*; (3) the ALJ properly discussed the basis for the conclusion that Berger's subjective complaints were not credible to the extent alleged, *id. at 8-13*; (4) the ALJ properly considered the testimony of the vocational expert who, contrary to Berger's argument, testified that Berger could perform jobs that exist in the national economy, *id. at 13-14*; and (5) Berger has provided no  basis for his allegation that the ALJ was biased against him, *id. at 14-15*.

In Berger's second, recently-filed summary judgment motion, he argues that the Commissioner has failed to respond to Berger's summary judgment motion. *Court Doc. 46 at 1-2.*  Berger argues that the Commissioner, despite having been granted additional time, failed to respond to Berger's motion.  He maintains that "the Court should summarily rule in favor of the Plaintiff.  Any further time lag places Plaintiff in further financial and mental difficulties so the Plaintiff

hopes that the Court will rule on this motion as quickly as possible."

*Id. at 2.*

## VI.   <u>DISCUSSION</u>

The primary issues before the Court are whether substantial evidence supports the ALJ's decision, and whether the ALJ's decision is free of legal error.   The Court is not permitted to re-weigh the evidence.

For the reasons set forth below, and applying controlling Ninth Circuit authority, the Court concludes that the Commissioner's decision is based on substantial evidence in the record, and is free of legal error. Therefore, the Court must affirm it.

### A.   <u>Presumption of Continuing Non-disability</u>

As an initial matter, Berger urges the Court in his opening brief to review and find error in the first ALJ decision issued on October 25, 2006.  *Court Doc. 35 at 1-2* (referring to the 10/25/2006 decision, *Tr. at 60-68*).   As noted, Berger did not pursue that action beyond the ALJ's decision.   Berger has neither sought to reopen that decision nor challenged it on constitutional grounds.   Thus, the Court cannot review it.  *See Klemm v. Astrue*, 543 F.3d 1139, 1144-45 (9th Cir. 2008).

11

The prior adjudication of Berger's disability applications does raise the issue of whether there is a presumption of continuing non-disability.  Berger has not raised the issue in this case.  The ALJ, however, did raise the issue.  *Tr. at 13-15.*  As noted, the ALJ concluded that Berger "has not adequately rebutted the presumption of continuing non-disability" and found that "the residual functional capacity set forth in the decision should be adopted in this case."  *Tr. at 15.*

In the Ninth Circuit, *res judicata* applies to the Commissioner's final decisions regarding disability.  *Taylor v. Heckler*, 765 F.2d 872, 876 (9th Cir. 1985).  When the SSA denies a claim for disability benefits and the claimant does not appeal, the decision denying benefits becomes binding on all parties and creates "a presumption of continuing non-disability."  *Id.* at 875.  However, *res judicata* applies "less rigidly" in administrative proceedings than in judicial proceedings.  *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988).  Thus, to overcome the presumption, the claimant must prove only "changed circumstances" that show a greater disability.  *Taylor*, 765 F.2d at 875

(quoting *Booz v. Secretary*, 734 F.2d 1278, 1379-80 (9th Cir. 1984));

*Chavez*, 844 F.2d at 693.

To demonstrate "changed circumstances," a claimant could show

that the severity of his impairment has increased since the unfavorable

decision. *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1996). As the

Ninth Circuit noted in *Lester*, however, demonstrating an increase in

the severity of impairment is not the only way by which a claimant can

show "changed circumstances" sufficient to preclude application of *res*

*judicata*. Rather, the court noted:

> Other changes suffice. For example, a change in the
> claimant's age category, as defined in the
> Medical-Vocational Guidelines, constitutes a changed
> circumstance that precludes the application of *res judicata*.
> *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988). In
> addition, the Commissioner may not apply *res judicata*
> where the claimant raises a new issue, such as the existence
> of an impairment not considered in the previous application.
> *Gregory v. Bowen*, 844 F.2d [664,] 666 [(9th Cir. 1988)]. Nor
> is *res judicata* to be applied where the claimant was
> unrepresented by counsel at the time of the prior claim. *Id.*

*Lester*, 81 F.3d at 827-28.

In the case at hand, as noted, the ALJ addressed the issue of

whether a presumption of continuing non-disability applied to Berger's

13

claim for benefits in light of the denial of his prior attempt to receive benefits. The ALJ expressly found that Berger failed to overcome the presumption.

In this appeal, Berger has not challenged this finding. Thus, the Court will not disturb it. Also, having reviewed the record and for the reasons stated by the ALJ, the Court similarly concludes that Berger has not demonstrated "changed circumstances" under relevant Ninth Circuit authority sufficient to rebut the presumption of continuing non-disability. In any event, even if Berger had rebutted the presumptions of continuing non-disability, for the reasons discussed below, the Court is not persuaded by Berger's arguments in support of his appeal and concludes that the ALJ's decision must be affirmed.

B.   **Substantial Evidence Supports the ALJ's Decision and the ALJ Did Not Err**

The Court concludes that substantial evidence supports the ALJ's decision in this case. And, the Court determines that the ALJ did not err.

1.   **Assessment of Medical Source Opinions**

First, the Court is unpersuaded by the argument that the ALJ improperly rejected the opinion of Berger's treating physicians when he gave more weight to the opinion of a physician who did not know Berger as well.  Berger argues that one of his doctors "stated in his letter very clearly that he felt his patient, [Berger], was unable to work in any occupation and he had also signed a document that stated that this trouble would continue to go on indefinitely."  *Court Doc. 35 at 2.* Although Berger does not identify this physician by name, it is likely that he is referring to Dr. Bruce G. Campbell, M.D., who wrote in a letter dated April 10, 2006, that he feels "[a]t this point, ... [Berger] is disabled and unable to work in any manner.  Whether or not he will be able to work in the future is doubtful."  *Tr. at 196.*

Also, Berger may also have intended for his argument to relate to the opinion of Michael Schabacker, M.D.  Dr. Schabacker, *inter alia*, completed a medical assessment of Berger's ability to perform work-related activities on October 19, 2008.  *Tr. at 274-76.*

"To reject [the] uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are

15

supported by substantial evidence.  If a treating or examining doctor's opinion is contradicted by another doctor's opinion, the ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence.  Finally, the opinion of an examining physician is entitled to greater weight than the opinion of a nonexamining physician." *Ryan*, 528 F.3d at 1198 (citations omitted).

Here, the Court concludes that the ALJ provided adequate reasons, under the foregoing authority, for giving the opinions of Berger's treating physicians less than controlling weight.  As the ALJ noted, their opinions were contradicted, in part, by those of the agency's physician, Tim Schofield, M.D.[3]  Thus, the ALJ was required to provide specific and legitimate reasons supported by substantial evidence for affording Berger's physicians' opinions less weight.  The Court concludes that he did.

The ALJ expressly found that Dr. Campbell's opinion was not entitled to controlling weight for four principal reasons: first, the ALJ

---

[3]The ALJ concluded that Dr. Schofield's opinion was "well-supported and consistent with the absence of significant, objective medical findings" supporting Berger's claimed limitations.  *Tr. at 17.*

in the prior decision addressed and rejected it; second, the opinion was inconsistent with the medical evidence of record; third, the opinion was inconsistent with Berger's ability to perform his daily activities; and fourth, the opinion was conclusory.  *Tr. at 17.*

With respect to Dr. Schabacker's opinion, the ALJ noted that Dr. Schabacker admitted that his medical assessment of Berger was based on Berger's self-reported symptoms.  The ALJ also noted that even Dr. Schabacker wrote that "[i]t is not exactly clear what explains [Berger's] degree of perceived disability."  *Tr. at 17.*  Because of Dr. Schabacker's comment, and evidence showing that his assessment was based on Berger's own assessment of his symptoms, the ALJ gave Dr. Schabacker's opinion "minimal weight."  *Id.*

All of the ALJ's reasons for giving less weight to the opinions of Drs. Campbell and Schabacker are acceptable under the authority cited above and Social Security regulations.  *See* 20 C.F.R. §§ 404.1527(d) and 416.927(d).  Accordingly, the Court concludes that the ALJ did not err in his assessment of the opinions of Berger's physicians.

## 2.   **Berger's Allegation of ALJ Bias**

Berger argues that the ALJs were somehow biased against him. For the reasons stated above, because Berger did not challenge the 10/25/2006 decision, the Court will not address Berger's argument to the extent it applies to the proceedings surrounding that decision.

To the extent Berger's bias argument applies to this case, the Court is not persuaded.  To prove bias, Berger must show that "the ALJ's behavior, in the context of the whole case, was so extreme as to display clear inability to render fair judgment." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214-15 (9th Cir. 2005) (citations and internal quotations omitted).  ALJs are presumed to be unbiased but this presumption can be rebutted by showing "a conflict of interest or some other specific reason for disqualification." *Id.* (citations omitted).

Here, Berger has provided no factual basis whatsoever for his allegation of bias.  He has neither argued nor demonstrated that the ALJ engaged in extreme behavior that might have affected his judgment.  He has pointed to no conflict of interest or any other evidence that would call the ALJ's impartiality into question.  For these

18

reasons, the Court concludes that Berger's allegation of bias is wholly without merit.

### 3.   **Vocational Expert Opinion**

Berger argues that the vocational expert testified "under oath" that Berger "was unable to pursue any employment period due to his physical limitations." *Court Doc. 35.* But the record of the hearing reflects that the vocational expert testified that jobs are available in the national economy that Berger would be able to perform based on the hypothetical questions that the ALJ posed. *Tr. at 48-55.* The ALJ was not required to include in his hypothetical questions to the vocational expert Berger's subjective symptoms and limitations to the extent that they were not supported by substantial evidence. *Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001) ("An ALJ is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence."). Rather, the ALJ was free to consider the evidence as a whole in making his determination as to Berger's limitations. The Court concludes that he did so, and thus he did not err.

### C.   **Berger's Second Summary Judgment Motion**

Berger is mistaken in his position that he is entitled to summary judgment on the basis that the Commissioner did not file a direct response to his summary judgment motion.  The record is clear that the Commissioner filed a cross-motion for summary judgment counter to Berger's summary judgment motion.  The cross-motion, supporting brief, and statement of undisputed facts (*Court Docs. 43, 44, and 45*) comprise ample response to Berger's motion.  For this reason, and because of the Court's conclusions reached herein with respect to the merits of Berger's appeal, the Court will deny Berger's second motion for summary judgment without awaiting the Commissioner's response.

## VII.  CONCLUSION

Based on the foregoing, IT IS ORDERED that Commissioner's decision denying DIB and SSI is affirmed, Berger's motions for summary judgment (Court Docs. 35 and 46) are DENIED, and the Commissioner's motion for summary judgment (Court Doc. 43) is GRANTED.

The Clerk of Court shall enter Judgment accordingly.

**DATED** this 28th day of September, 2010.


/S/ Carolyn S. Ostby
United States Magistrate Judge